**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

SHALONDA MEAUX                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:26-CV-114-JHM

KENTUCKY DEPARTMENT OF REVENUE, *et al.*                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shalonda Meaux filed this *pro se* employment discrimination action.  Because

Plaintiff is proceeding *in forma pauperis*, the Court must review this action pursuant to 28 U.S.C.

§ 1915(e)(2).  For the reasons set forth below, the Court will allow Plaintiff's Title VII claim to

proceed against Defendant Kentucky Department of Revenue and will dismiss the remaining

claims.

**I.**

Plaintiff sues the following Defendants: Kentucky Department of Revenue, Division

Director of Human Resources Grover Dale Clemons, Deputy Commissioner Barbara A. Barnes,

Branch Manager Adam Schaffner, and Supervisor Charles Reinert.  In the complaint, Plaintiff

alleges that Defendants failed to promote her, subjected her to unequal terms and conditions of her

employment, retaliated against her, harassed her, and defamed her on the basis of her race and

disability in violation of Title VII of the Civil Rights Act of 1965 ("Title VII"), the Age

Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act

of 1990 ("ADA").  Plaintiff alleges that: "The facts of my case are based on (1) [f]raudulent

charges placed in my personnel file(s) by management [and] (2) years of continuous retaliation

and harassment.  (Forced into Retirement)."  [DN 1 at 6].  Plaintiff represents that she filed a

charge with the Equal Employment Opportunity Commission on April 7, 2025, and was issued a

Notice of Right to Sue letter on November 20, 2025.  Plaintiff filed this complaint on February 18, 2026.  As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing

*Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

### A.  Individually-Named Defendants

Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a)(1).  Similarly, "'[t]he ADEA prohibits employers from discriminating 'against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Kelmendi v. Michigan Off. of Ret. Servs.*, No. 25-1087, 2026 WL 936962, at *2 (6th Cir. Jan. 16, 2026) (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998)).  Likewise, Title I of "[t]he ADA generally prohibits discrimination against the disabled by employers, public entities, and by operators of public accommodations." *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1010 (6th Cir. 1997) (citing 42 U.S.C. §§ 12101–12213).

However, "an individual employee or supervisor who does not otherwise qualify as an 'employer' may not be held liable under Title VII, the ADEA," or the ADA. *Fleming v. Hogan*, No. 1:16-CV-688, 2016 WL 1558694, at *2 (N.D. Ohio Apr. 18, 2016) (citing *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400 (6th Cir. 1997)).

3

"'[N]umerous courts, including [the Sixth Circuit], have held that supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination.'" *Sack v. Barbish*, No. 1:21-CV-00364-PAB, 2021 WL 4148725, at *4 (N.D. Ohio Sept. 13, 2021) (quoting *Hiler*, 177 F.3d at 546). "'[T]he legislative history and the case law support the conclusion that Congress did not intend individuals to face liability under the definition of employer it selected for Title VII.'" *Sack*, 2021 WL 4148725, at *4 (quoting *Wathen*, 115 F.3d at 406). "[T]o the extent that [plaintiff] has attempted to bring claims against the individual defendants for [race, disability, and] age discrimination [or] retaliation . . . [plaintiff]'s claims would fail as a matter of law as there is no individual liability under Title VII, the ADA, or the ADEA." *Alessio v. United Airlines, Inc.*, No. 5:17-CV-1426, 2018 WL 902334, at *4 (N.D. Ohio Feb. 15, 2018). As such, the Court will dismiss Plaintiff's claims against Defendants Clemons, Barnes, Schaffner, and Reinert for failure to state a claim upon which relief may be granted.

### B. ADEA and ADA Claims

"The Eleventh Amendment bars all suits by private litigants in federal court against states and their agencies." *Bogart v. Univ. of Kentucky*, No. 16-CV-00255-JMH, 2017 WL 6030458, at *3 (E.D. Ky. Dec. 5, 2017), *aff'd*, 766 F. App'x 291 (6th Cir. 2019); *Alabama v. Pugh*, 438 U.S. 781, 781 (1978) ("[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies."). The Kentucky Department of Revenue is an agency of the Commonwealth of Kentucky and is entitled to sovereign immunity under the facts alleged in the complaint.

"While sovereign immunity may be abrogated by Congress, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984), Congress has not done so with respect to the specific

4

type of Americans with Disabilities Act claim asserted by Plaintiff in this matter," *Bogart*, 2017 WL 6630458, at *4 (citing *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 374 (2001) (finding state sovereign immunity not abrogated by Title I of the ADA)), or the ADEA. *Kimel v. Florida Bd. Of Regents*, 528 U.S. 62, 92 (2000) ("Because the ADEA does not validly abrogate the States' sovereign immunity, however, the present suits must be dismissed."). Accordingly, Plaintiff's claims for damages based on the ADEA and ADA are barred by sovereign immunity and must be dismissed.

### C. Title VII

Upon review of the complaint, <u>the Court will allow the Title VII claim to proceed against Defendant Kentucky Department of Revenue</u>.[1]   In allowing this claim to proceed, the Court expresses no opinion on its ultimate merit.

**IV.**

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claims against Defendants Clemons, Barnes, Schaffner, and Reinert are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.   The Clerk of Court is **DIRECTED** to terminate Defendants Clemons, Barnes, Schaffner, and Reinert from this action.

**IT IS FURTHER ORDERED** that the ADEA and ADA claims against Defendant Kentucky Department of Revenue are dismissed.

---

[1] When Congress enacted Title VII, it validly abrogated state sovereign immunity pursuant to the Fourteenth Amendment. *See Cox v. Shelby State Comm. College*, 48 F. App'x. 500, 505 (6th Cir. 2002) (sovereign immunity for Title VII claims "has been abrogated by Congress").

The Court will enter a separate Order directing service on Defendant Kentucky Department of Revenue on the Title VII claim.

Date: June 23, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
         General Counsel, Justice & Public Safety Cabinet
4414.014